BRITTANY M. TOMLINSON,

    Plaintiff,

v.

KACIE CAMBELL, *et al.*,

    Defendants.

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on Plaintiff's motion to amend the case caption and application to proceed *in forma pauperis*, [DE-2; DE-8], and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), [DE-1]. Plaintiff has demonstrated good cause to amend the case caption; thus, the motion is allowed, and the case caption shall be and hereby is amended to change the name of Defendant Cambell to "Kacie Campbell." Plaintiff has also demonstrated sufficient evidence of inability to pay the required court costs, and it is recommended that the application to proceed *in forma pauperis* be allowed. However, because the complaint fails to state a claim upon which relief can be granted, it is recommended that the complaint be dismissed.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis

in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

2

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing pleadings filed by *pro se* litigants to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTUAL BACKGROUND

Plaintiff Brittany Tomlinson filed a complaint asserting claims for identity theft, prosecutorial misconduct, discrimination, civil rights and due process violations, and violations of 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 1001 (A)(1–3), and 15 U.S.C. § 78FF(A)(b) against Assistant District Attorney Kacie Campbell, North Carolina Judges Resson Faircloth and Joy Jones, and the State of North Carolina. Compl. [DE-1] at 1–2. The precise contours of Plaintiff's claims are difficult to decipher, but Plaintiff appears to allege that Defendants wronged her based on her race and gender during two state criminal cases by falsely calling her a sovereign citizen, withholding evidence, and denying her a fair hearing and/or trial. *Id.* at 2. Plaintiff also asserts that Judges Faircloth and Jones committed tax evasion or avoidance by "initiating the case in the name of the trust," that Campbell committed tax evasion or avoidance by "acting as the qualified heir of the estate," and that Defendants "were supposed to get permission from the Secretary of State to initiate the case" but failed to do so. *Id.* at 2–3.

As a result of Defendants' actions, Plaintiff claims she was wrongfully arrested and falsely imprisoned; she and her children have suffered long term emotional distress and financial loss; her

3

reputation has been damaged; her taxes have been improperly assessed; and her rights and financial interests have been adversely affected. *Id.* at 3. Through this action, Plaintiff seeks punitive damages in the amount of $50,000,000 to $100,000,000; monetary damages for past, present, and future pain and suffering; and a written apology from each defendant. *Id.*

## III. DISCUSSION

Plaintiff's complaint is nearly unintelligible, but it clearly fails to state a claim. First, the complained-of conduct by Judges Faircloth and Jones relates to the performance of judicial acts in state criminal proceedings for which they are entitled to absolute judicial immunity. *See Dove v. Pate*, No. 5:15-CT-3132-BO, 2016 WL 7655777, at *2 (E.D.N.C. Jan. 12, 2016) ("judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims") (collecting cases), *aff'd*, 651 F. App'x 188 (4th Cir. 2016). "Judges are subject to civil liability for judicial acts only where they act in 'clear absence of all jurisdiction.'" *Fullard v. Horne*, No. 5:17-CT-3159-FL, 2018 WL 3302732, at *3 (E.D.N.C. July 5, 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)), *aff'd*, No. 18-6896, 2019 WL 117113 (4th Cir. Jan. 7, 2019); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (holding that because there was not "a clear absence of subject-matter jurisdiction," the judge was "clothed with judicial immunity"). Even accusations of malice or corruption are insufficient to overcome judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"). It is unclear whether Plaintiff has alleged that Judges Faircloth and Jones acted without subject matter jurisdiction over the underlying state criminal proceedings, but to the extent she has attempted to do so, the claim is patently frivolous. Reading the complaint charitably, it appears that Plaintiff attempts to cite to

4

the Texas Rules of Civil Procedure for the proposition that Defendants "were supposed to get permission from the Secretary of State to initiate the case." Compl. [DE-1] at. 3. The Texas Rules of Civil Procedure do not apply in this court, or to the actions of North Carolina state court judges. Accordingly, absolute judicial immunity bars Plaintiff's claims against Defendants Faircloth and Jones.

Plaintiff's claims against the State of North Carolina are likewise futile. The State of North Carolina is protected by sovereign immunity under the Eleventh Amendment. *See Philips v. N. C. State*, No. 5:15-CV-95-F, 2015 WL 9462095, at *6 (E.D.N.C. Dec. 28, 2015) (dismissing claims against state defendants, including the State of North Carolina, as barred by sovereign immunity). As the Supreme Court has stated, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Sovereign immunity may be waived or abrogated where the state has waived its immunity or where Congress has overridden that immunity. *Philips*, 2015 WL 9462095, at *6 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). However, in the instant case, Plaintiff has not alleged any facts from which the court could find that sovereign immunity has been waived or abrogated.

Third and finally, Plaintiff's claims against Defendant Campbell also fail. While Plaintiff has not specified whether she is suing Defendant Campbell in her official or individual capacity, to the extent that Defendant Campbell is named in her official capacity, she is immune from suit because claims for damages against a North Carolina Assistant District Attorney in her official capacity are barred by the Eleventh Amendment. *See Norton v. Tabron*, No. 7:16-CV-56-BO, 2016 WL 5867045, at *2 (E.D.N.C. Oct. 6, 2016); *Day v. A.T. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 13735398, at *6 (E.D.N.C. Oct. 7, 2015), *adopted in part by*, 2015 WL 7306447 (E.D.N.C.

5

Nov. 19, 2015). Insofar as Defendant Campbell is named in her individual capacity, she is likewise immune because prosecutors have absolute prosecutorial immunity from individual capacity claims for monetary damages "for acts carried out in the judicial phase of their prosecutorial functions, including initiating a judicial proceeding or appearing in court." *Sheridan v. Shekita*, No. 5:16-CT-3085-D, 2016 WL 9083355, at *2 (E.D.N.C. Oct. 31, 2016) (dismissing malicious prosecution claim against assistant district attorney because prosecutors are immune from suit for initiating a judicial proceeding); *see Washington v. Wilson*, 697 F. App'x 241, 243 (4th Cir. 2017) (per curiam) (affirming dismissal of vindictive and improper prosecution claim against state attorney general's office, attorney general, and deputy attorney general on the grounds of absolute prosecutorial immunity because "their actions and inactions arose from their roles as advocates for the State [ ] in prosecuting [the plaintiff].") (citing *Imbler v. Pachtman*, 424 U.S. 409, 423–28 (1976)); *Safar v. Tingle*, 859 F.3d 241, 249 (4th Cir. 2017) (concluding prosecutor's decision to seek an arrest warrant and decision whether to withdraw an arrest warrant after learning no crime had been committed are protected by absolute immunity). Here, to the extent that Plaintiff's claims can be discerned, the allegations against Defendant Campbell appear to pertain to actions taken during a state judicial proceeding where Defendant Campbell served as the prosecutor, including her decision to charge Plaintiff and her in-court appearances throughout the matter, and thus fall within the scope of conduct protected by prosecutorial immunity.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion to amend the case caption is ALLOWED, and it is RECOMMENDED that the court allow Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on

Plaintiff Brittany Tomlinson. You shall have until **December 2, 2024** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

This the 18th day of November, 2024.

                                                Robert B. Jones, Jr.
                                                United States Magistrate Judge