IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-586-D

BRITTANY M. TOMLINSON,                )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )          **ORDER**
                                      )
KACIE CAMPBELL, et al.,               )
                                      )
                    Defendants.       )

On October 15, 2024, Brittany M. Tomlinson ("Tomlinson" or "plaintiff"), proceeding pro se, filed a complaint [D.E. 1] and a motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On October 21, 2024, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Magistrate Judge Robert B. Jones, Jr. for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 5]. On October 30 and on November 6, 2024, Tomlinson filed documents in support of her complaint [D.E. 6, 7]. On November 18, 2024, Judge Jones granted the motion to proceed in forma pauperis and issued an M&R recommending that the court dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 9]. On November 22, 2024, Tomlinson objected to the M&R [D.E. 10], filed a "motion to state a claim to upon which relief can be granted" [D.E. 11], and a FOIA request [D.E. 12]. On November 27, 2024, Tomlinson filed a second FOIA request [D.E. 13].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court

need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record. See Diamond, 416 F.3d at 315. As for the objections, the court has reviewed the objections and the M&R de novo. Plaintiff failed to state a claim upon which relief can be granted, and her objections are overruled.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 9], OVERRULES plaintiff's objections, DISMISSES WITHOUT PREJUDICE plaintiff's complaint for failure to state a claim upon which relief can be granted, and DENIES plaintiff's motion [D.E. 11]. The clerk shall close the case.

SO ORDERED. This 19 day of December, 2024.

JAMES C. DEVER III
United States District Judge

2

Case 5:24-cv-00586-D-RJ    Document 14    Filed 12/19/24    Page 2 of 2